## W. W. GEORGE, Curator, *v.* T. R. ROACH.

The principal, that when a purchaser, who has received possession from his vendor, buys
afterwards an outstanding and superior title, and thus perfects the title, the second pur-
chase will enure to the vendor's benefit so that his liability as vendor will be restricted to
the amount so expended, is not applicable to a case where the vendor never had possession
and where he was aware of the adverse title and knew he was selling what belonged to
another.

APPEAL from the District Court of Caddo, *Olcott*, J. *Crain*, for plaintiff.
*J. Garrett* and *B. L. Hodge*, for defendant. The judgment of the court
was pronounced by

SLIDELL, J. A lot of ground in the town of Shreveport was sold to *Roach*
at a probate sale by *George*, curator, and the vendee gave his notes for the price.
Being sued upon them, he resisted the action upon the ground that the succes-
sion of *Sprague* was without title; and claimed a rescission of the sale. There
was a judgment for the defendant in the court below, and the plaintiff has
appealed.

It is proved that at the date of the probate sale, the title was in a third person,
from whom *Roach* subsequently purchased the same piece of ground. This
third person, and those under whom he held, had been in possession for many
years. The succession of *Sprague* never had possession, nor had *Roach*, until
he received it from this third person. It is clear, therefore, that there was a
failure of the consideration of the notes given by *Roach*.

But it is said, that *Roach*, having purchased the adverse title, is only entitled
to be relieved from the payment of his notes up to the amount which he
expended to acquire it.

In the case of *Pepper* v. *Dunlap*, we recognized the highly equitable doc-
trine, that when a purchaser, who has received possession from his vendor, buys
afterwards an outstanding and superior title, and thus perfects and quiets the
defective title and the possession which he received from his vendor, the second
purchase will enure to his vendor's benefit, so that his liability as warrantor will
be restricted to the amount so expended.

But the equity cannot be invoked in the present case; for the succession never
had and gave no possession, and it is shown, by the curator's official acts, that
he was aware of the outstanding title, and knew he was selling what belonged
to another.

Judgment affirmed, with costs.